**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4012**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GABRIEL ATEH OPATA,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:16-cr-00177-CCE-1)

Submitted: July 20, 2017                     Decided: August 10, 2017

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Kyle David Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gabriel Ateh Opata pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (2012). Based on a total offense level of 26 and a criminal history category II, Opata's advisory Guidelines range was 70 to 87 months' imprisonment. However, the district court granted the government's motion to impose a sentence above the advisory Guidelines range and sentenced Opata to 102 months' imprisonment. Opata appeals. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious grounds for appeal, but questioning whether the district court erred by: (1) applying the four-level enhancement for possession of a firearm in connection with another felony offense, U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(b)(6)(B) (2015); (2) denying a reduction for acceptance of responsibility; and, (3) imposing a substantively unreasonable sentence. Although advised of his right to file a supplemental pro se brief, Opata has not done so. Finding no error, we affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the

2

selected sentence. *Id*. at 49-51. Only after determining that the sentence is procedurally reasonable does this court consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id*. at 51.

Counsel first questions the district court's application of the four-level enhancement under USSG § 2K2.1(b)(6)(B). This enhancement applies if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). "[A] weapon is used or possessed 'in connection with' another offense if the weapon facilitates or has a tendency to facilitate the other offense." *United States v. Blount*, 337 F.3d 404, 411 (4th Cir. 2003) (alteration and internal quotation marks omitted). "The firearm must have some purpose or effect with respect to the crime; its presence or involvement cannot be the result of accident or coincidence." *Id.* (alterations and internal quotation marks omitted). Here, the victim testified that, while Opata was strangling her with a belt, he pointed a gun at her head and threatened her. We find that this evidence fully supported a finding that the gun was used in connection with another felony offense: assault by strangulation. Therefore, the district court did not clearly err in applying the enhancement.

Second, counsel questions whether the district court erred in denying Opata a reduction for acceptance of responsibility. To earn an acceptance-of-responsibility reduction, the defendant must prove to the district court by a preponderance of the evidence "that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996). This court reviews the district court's denial of the acceptance-of-

3

responsibility adjustment for clear error. *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007). "Great deference" is given to the district court's decision because "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *Id.* (alteration and internal quotation marks omitted).

A guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility. *Id.* Under USSG § 3E1.1 cmt. n.1(a), a defendant need not volunteer or admit to relevant conduct to obtain a reduction for acceptance of responsibility, but the reduction is not warranted when a defendant falsely denies, or frivolously contests relevant conduct that the court determines to be true. *See Elliott v. United States*, 332 F.3d 753, 766 (4th Cir. 2003) (affirming the denial of reduction for acceptance of responsibility where defendant falsely denied relevant conduct).

Here, the district court found that, although Opata accepted responsibility for possessing the firearm, he refused to do so with respect to the assault on the victim. Indeed, Opata admitted that he put the victim in a "rear naked chokehold," but denied any wrongdoing. We find that, based on this evidence, the district court did not clearly err in denying a reduction for acceptance of responsibility.

Finally, counsel questions whether Opata's above-Guidelines sentence was substantively unreasonable. A district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. *United States v. Diosdado–Star*, 30 F.3d 359, 364 (4th Cir. 2011) (internal quotation marks and brackets omitted). "In reviewing a variant sentence, we consider

4

whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Tucker*, 473 F.3d 556, 562 (4th Cir. 2007) (internal quotation marks and brackets omitted).

Here, the district court explained its reasons for imposing an above-Guidelines sentence, including Opata's prior violent history and his lack of understanding of his criminal conduct. Our review of the sentencing transcript reveals that the district court provided a "reasoned basis" for imposing an above-Guidelines sentence and that the 15-month variance was not unreasonable. Therefore, we conclude that Opata's sentence was both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Opata's conviction and sentence. This court requires that counsel inform Opata, in writing, of the right to petition the Supreme Court of the United States for further review. If Opata requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Opata. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*